MARY RANK AND HARRY RANK, RESPONDENTS, v. HARRY KOLMETSKY, DEFENDANT; AND WEST SIDE LUMBER COMPANY, THOMPSON & HANSTEIN, ATTORNEYS FOR HARRY KOLMETSKY, AND WEST SIDE LUMBER COMPANY, AND BERNARD PELLICOFF, APPELLANTS.

Argued May 4, 1929—Decided February 3, 1930.

For the appellants Harry Kolmetsky and West Side Lumber Company, *Thompson & Hanstein.*

For the appellant Bernard Pellicoff, *Cole & Cole.*

For the respondents, *W. Elmer Brown.*

The opinion of the court was delivered by

LLOYD, J. The appeal in this case is from an order of Judge Sooy, awarding to the respondents sufficient of moneys in the hands of the appellants to satisfy a judgment which respondents had obtained against Harry Kolmetsky. On that judgment execution was issued on October 11th, 1926, and a levy made by the sheriff on "all money due or to become due to Harry Kolmetsky in the hands of or to be in the hands of B. Pellicoff arising out of a mechanic lien suit" then pending. On November 8th following Kolmetsky obtained judgment against Pellicoff in a sum much in excess of the Rank execution. This judgment was immediately assigned to the appellant West Side Lumber Company, and after affirmance in this court the amount of it was paid to Thompson & Hanstein as attorneys for the company.

In this situation a petition was presented by the respondents, praying that the moneys, whether in the hands of Pellicoff, Kolmetsky, the West Side Lumber Company or their attorneys, to the extent of the Rank judgment, be paid to them. On this petition a rule to show cause was allowed and finally an order was made by the judge requiring appellants or either of them to pay to the respondents out of these moneys the amount of the respondents' judgment.

It is contended that the levy was void because it was an attempt (1) to levy upon a judgment; (2) to levy upon a claim which was then the subject of an issue at law; (3) to levy upon a claim for unliquidated damages.

None of these contentions avail the appellants. The action of Kolmetsky against Pellicoff was to recover on a mechanics' lien for materials and labor supplied under a written contract in the making of alterations and additions to an apartment house for Pellicoff. The levy was not in fact upon a judgment. While it is true that at the time of the levy Kolmetsky was seeking to recover his claim from Pellicoff

through suit, that claim was not reduced to judgment until after the date of the levy. It was not, therefore, a levy on a judgment.

Nor do we see force or reason in the proposition that moneys in the hands of Pellicoff and owing to Kolmetsky were exempt from levy by execution on a judgment against the creditor simply because the latter was compelled to resort to the courts to collect the indebtedness. The rule sought to be invoked that litigation over a given piece of property cannot be interfered with by process issuing from another judicial tribunal in a different litigation has no application in the present case because no specific property or fund is involved. The Kolmetsky suit was to enforce a claim for moneys due upon a mechanics' lien claim, based on a contract between Kolmetsky and Pellicoff, and a general judgment was rendered thereon against Pellicoff. The moneys found to be due in that action were never identified or specifically made the subject of litigation. The property of Pellicoff that was subjected to the lien was not involved in the levy under the execution. Undoubtedly property that is the subject-matter of litigation in one court cannot be interfered with in another litigation, but moneys that might be found to be due by Pellicoff to Kolmetsky were in no sense involved in litigation further than whatever of assets Pellicoff might have would be ultimately liable to the satisfaction of the judgment. The subject is lucidly discussed by Chief Justice Beasley in the case of *Elizabethtown Savings Institution* v. *Gerber*, 35 *N. J. Eq.* 153, where, speaking for this court, he draws the distinction between property in litigation and property which, as here, may be ultimately reached by the further and yet unissued processes of the court.

Finally, the Kolmetsky claim was not for unliquidated damages. It was founded on a building contract and the extra work and materials authorized in pursuance of that contract. Such claims are not for unliquidated damages as has been held in a number of cases in this state. *Boyd* v. *King*, 36 *N. J. L.* 134; *Sullivan* v. *Moffat*, 68 *Id.* 211; *Heckscher* v. *Trotter*, 48 *Id.* 419.

None of the reasons advanced for setting aside the order are valid and, therefore, afford no ground for reversal. Inasmuch, however, as at the argument it was admitted that the funds were held by counsel for Kolmetsky and the lumber company, the order in the court below, which was in the alternative, is now made definite to the end that the attorneys, Thompson & Hanstein, shall pay to the respondents out of the moneys in their hands the amount due under the levy made by virtue of the execution issued on the judgment of Rank v. Kolmetsky.

With this modification, the judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, BLACK, LLOYD, BODINE, VAN BUSKIRK, McGLENNON, KAYS, DEAR, JJ. 8.

*For reversal*—THE CHANCELLOR, PARKER, KALISCH, CAMPBELL, CASE, JJ. 5.